## ELIJAH ADAMS *vs.* LUCIEN H. STONE.

A debtor arrested on execution, who enters into a recognizance, under *St.* 1857, *c.* 141, § 10, to deliver himself up for examination within ninety days, giving notice as provided in that statute, is bound to procure the attendance of a magistrate, qualified by law to take the examination, within the hour specified in his notice; and if the magistrate does not appear within the hour, the debtor cannot be discharged without a new notice to the creditor.

A recognizance, which recites the obligee's recovery of judgment against the debtor, the issue of an execution thereon, the taking of the oath required by law in behalf of the plaintiff, the magistrate's certificate that he was satisfied that there was reasonable cause to believe the truth of the facts sworn to, the arrest of the debtor, and that he was brought before the magistrate for examination, and did not desire any time fixed for examination, and offered this recognizance, which was accepted; and which is conditioned that the debtor " shall, within ninety days from the time of his arrest, deliver himself

up for examination, giving notice thereof as in the statutes in that behalf provided," &c. is sufficient, under the *St.* 1857, *c.* 141, § 10, without stating that the debtor desired to take the poor debtor's oath, or more definitely naming or describing the magistrate before whom he is to deliver himself up.

ACTION OF CONTRACT against the surety upon a recognizance taken before Samuel O. Lamb, a master in chancery for the county of Franklin, on the 15th of September 1858, under *St.* 1857, *c.* 141, the condition of which recited the plaintiff's recovery of judgment against the principals; the issue of an execution thereon; the oath of the plaintiff's attorney, before the master, that twenty dollars, exclusive of costs, remained due and uncollected on .the execution, and that he believed and had reason to believe that each of the defendants named in the execution had property not exempt from being taken on execution, which he did not intend to apply to the payment. of the plaintiff's claim; the annexing to the execution of the master's certificate, that he was satisfied that there · was reasonable cause to believe the truth of the charge; that by virtue of said execution, with the certificate annexed, and for want of goods, chattels or lands of said defendants, their bodies have been taken by a deputy sheriff, and brought before the master for examination, and that the debtors did not desire any time fixed for their examination, and offered to recognize, with the defendant as surety, &c.; and the master's acceptance of the recognizance: " Now if the said defendants shall, within ninety days from the time of tneir arrest, deliver themselves up for examination, giving notice thereof, as in the statutes in that behalf provided, and shall make no default at any time fixed for their examination, and shall abide the final order of the magistrate thereon, then this recognizance shall be void; otherwise, to remain in full force and virtue."

The breach assigned.was the failure of the principals to deliver themselves up within ninety days. Answer, that they did deliver themselves up within that time, and were examined by the master, and the oath for the relief of poor debtors was administered to them by him, and they were discharged.

The certificate of discharge relied on stated that on the 7th

of December 1858 the debtors caused notice to be given to the plaintiff that they desired to take the oath for the relief of poor debtors at the office of Lamb in Greenfield on the 11th of December at ten o'clock in the forenoon; the service of said notice upon the plaintiff; " that at the time fixed for the examination, and from that time till after twelve o'clock, the master was not present at the place appointed, being engaged in the court near by, but expecting and intending to attend to said examination, when notified that the parties were ready to proceed with the same, having requested one of said debtors to inform me when the parties were so ready, but he did not so inform me, and I was not requested to attend ; " that, as the master was informed and believed, the debtors and the attorney of the creditor attended at the appointed time and place ; that at two o'clock in the afternoon of the same day, the master and the debtors were at the place appointed, and the attorney of the creditor was notified that the debtors would submit themselves to examination, but declined to attend ; and thereupon, at the request of the debtors, the master proceeded with the examination, which was afterwards adjourned till the 13th, and the attorney of the creditor was notified of the time and place of the adjournment, but again declined to attend ; and upon the 13th of December the examination was proceeded with, and the oath for the relief of poor debtors administered.

At the trial in the superior court in Franklin at August term 1859, before *Rockwell,* J., the plaintiff called Lamb as a witness, who testified to the truth of the facts stated in the certificate of discharge ;· and further testified that one of the debtors was with him in his office, before the appointed hour, and that he then arranged for the examination as stated in the certificate, and left the office at a quarter before nine o'clock, and did not return until the time stated in the certificate.

It was admitted at the trial that the debtors and the creditor's attorney were present at the place and time appointed for examination, but the attorney had no notice of any arrangement between the magistrate and the debtors, but did understand that the former was at the court house. It was also admitted

that the creditor was legally notified of the first meeting and of the subsequent adjournments as stated in the certificate. The debtor who made the arrangement with the master testified that he did not understand that he was to give notice to said Lamb when the parties were ready, but understood that said Lamb was to be at his office at the appointed time.

The defendant objected to the recognizance, that it did not show any sufficient cause for taking it; and that it did not appear where or before whom the debtors were to deliver themselves up for examination, and that it was otherwise informal and defective; but the court overruled the objection. The defendant then requested the court to rule that upon the foregoing evidence the plaintiff was not entitled to recover; but the court ruled otherwise. A verdict was taken for the plaintiff, and the defendant alleged exceptions.

*A. Brainard,* for the defendant. 1. The magistrate had jurisdiction. He had issued the notice, and agreed to attend. He took the examination, administered the oath, and granted the certificate. *St.* 1857, *c.* 141. The creditor had full and proper opportunity to be heard, having had due notice of the day fixed for the examination, and of the adjournment. His rights have not been infringed. The debtors acted in good faith. *Niles* v. *Hancock,* 3 Met. 568.

2. The recognizance is not in conformity with the requirements of law. It does not recite a sufficient cause of its caption. *Commonwealth* v. *Downey,* 9 Mass. 520. *Commonwealth* v. *Daggett,* 16 Mass. 447. It does not state that the debtors desired to take the oath for the relief of poor debtors. *St.* 1857, *c.* 141, §§ 4, 10. It does not state before what magistrate they were to deliver themselves up; nor that they would deliver themselves up before some magistrate authorized to act.

*G. T. Davis,* for the plaintiff. 1. The debtors were bound to procure a magistrate competent to direct the examination, at the time and place when and where the creditor was cited to appear. *St.* 1857, *c.* 141, §§ 7, 10. The creditor's attorney was watching for the appearance of the magistrate, and in repeated attendance at the place appointed, during the whole appointed

hour. After that hour, the magistrate, not having appeared, ceased to have jurisdiction of the case. *Hobbs* v. *Fogg*, 6 Gray, 254. *Blanchard* v. *Walker*, 4 Cush. 455. *Donner* v. *Hollister*, 14 N. H. 122. *Banks* v. *Johnson*, 12 N. H. 445. *Dyer* v. *Smith*, 12 Conn. 392. *Brown* v. *Stacy*, 9 Verm. 120. *Phelps* v. *Birge*, 11 Verm. 161.

2. The recognizance was properly taken, and in precise conformity with the statute.

DEWEY, J. The debtors were bound, under the recognizance, to procure the attendance of a proper magistrate qualified by law to take the examination and grant the discharge, if they would discharge themselves from the obligation they had assumed, " that within ninety days from the time of their arrest they will deliver themselves up for examination, giving notice thereof as in the statute is provided, and shall make no default at any time fixed for their examination." During the period of time at which, by force of the notice, the judgment creditor was bound to appear before the magistrate, neither Mr. Lamb, who gave the notice, nor any substitute, was present to hear the examination. The creditor appeared within the hour, thus mani festing his purpose to oppose the discharge, and having done so, and no magistrate appearing, no further proceedings could properly be had upon that notice, and he may now object to the same as invalid.

We perceive no objection to the form of the recognizance, and find stated in its recitals the cause of its being taken, and all that is necessary to its validity. *Exceptions overruled.*